IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES WOODS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| GREGG BLENDER | : | NO. 14-5961 |
| CARRIE EVENS | : | |

FILED
NOV 13 2014
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

## MEMORANDUM

SÁNCHEZ, J.                                                                                       NOVEMBER 13, 2014

   Plaintiff James Woods brings this action, pursuant to 42 U.S.C. § 1983, against his public defender and a paralegal. He seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss his complaint with prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### I.   FACTS

   The complaint reflects that plaintiff was arrested, incarcerated, and charged with certain crimes. Defendant Gregg Blender was appointed to represent plaintiff in connection with the related criminal proceedings; Defendant Carrie Evens was a paralegal working with Mr. Blender. Plaintiff essentially alleges that the defendants violated his rights in several respects by mishandling his criminal case, including his arraignment and preliminary hearing. He also alleges that Mr. Blender lied to him, disrespected him, and pressured him to agree to a trial before a judge rather than a jury. Plaintiff informed the state court of his dissatisfaction with his attorney and moved for new counsel, but his motions were returned to him due to certain defects. He also informed the Chief Public Defender and Mr. Blender of his concerns, but was not afforded any relief. Instead, he was sent for a psychological evaluation.

In light of his dissatisfaction with counsel's performance, plaintiff initiated this civil rights action, pursuant to 42 U.S.C. § 1983, claiming that the defendants violated his constitutional rights. He asks the Court to appoint him new counsel and grant him a jury trial.

## II.   STANDARD OF REVIEW

The Court grants plaintiff leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the complaint if it fails to state a claim. To survive dismissal for failure to state a claim, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). As plaintiff is proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.   DISCUSSION

"[A] suit under § 1983 requires the wrongdoers to have violated federal rights of the plaintiff, and that they did so while acting under color of state law." *See Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995). Plaintiff cannot state a claim against the defendants because they are not state actors for purposes of § 1983 by virtue of their positions as a public defender and paralegal. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.") (footnote omitted); *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court."). In any event, plaintiff is not entitled to the relief he seeks because federal courts are generally prohibited from interfering in state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 43-44 (1971) (noting the "longstanding public policy against federal court interference with state court

proceedings"); *Calhoun v. Young*, 288 F. App'x 47, 49 n.3 (3d Cir. 2008) (per curiam) ("[G]iven that Calhoun appears to be awaiting trial in state criminal proceedings, to the extent his complaint seeks injunctive relief for alleged present and continuing constitutional deprivations regarding his representation or the on-going proceedings, the complaint seeks relief that a federal court should not provide.").

## IV. CONCLUSION

For the foregoing reasons, plaintiff's complaint will be dismissed with prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). As it does not appear that plaintiff can cure the above defects in his claims, amendment would be futile. An appropriate order follows.